## ALONZO BAKER, Appellant, *v.* ALFRED HAYS, Appellee.

### APPEAL FROM WARREN.

A party in the peaceable possession of premises, cannot be forcibly expelled. The the motives of a party who forcibly expels another, are immaterial.

HAYS was in quiet possession of certain premises, under a lease. The property had been sold by forced sale, and the purchaser sought to obtain possession. Hays did not eat or sleep on the premises, but occupied them with his effects. Baker clandestinely took possession. Hays then commenced proceedings by forcible entry, etc., and recovered a judgment, whereupon Baker appealed.

A. G. KIRKPATRICK, for Appellant.

E. F. BULL, and REED & STRAIN, for Appellee.

CATON, C. J. The instructions in this case are proper, and the judgment is right. Admitting that the defendant had a right of entry, if he made a forcible entry while the plaintiff was in the actual possession without legal process, he is liable under this form of action, and it could make no difference if it was the design and intention of the plaintiff to let Savage into the possession in order to enable him to set up a hostile title to that of the defendant. Savage, when thus admitted to the possession by the plaintiff, would be as much the tenant of the defendant as the plaintiff was, and this relation would follow every successive party who might be let into the possession, no matter for what purpose. But all this had nothing to do with the case. If the plaintiff was in the quiet and peaceable possession, the defendant had no right to take the law in his own hands and thrust him out. The motives by which either party was actuated, are quite immaterial. The judgment is affirmed.

*Judgment affirmed.*